PeaesoN, J.
 

 The fourth canon of descent, Rev. Code, ch. 38, sec. 4, provides that, on failure of lineal descendants, where land has been transmitted by descent, &c., the inheritance shall descend to the next collateral relations of the person last seized,
 
 who are of the iloocl of the ancestor.
 

 The petitioners are of the blood of the ancestor from whom the land descended; the defendants, who are the children of the defendant Harvey Moore, and the half brothers and sisters of the person last seized, are nearer in degree than the petitioners; but they are not of the blood of the ancestor; consequently, as against them, the petitioners would be entitled to the land.
 

 But Harvey Moore is th
 
 q father
 
 of the person last seized, and there is a general provision applicable to all cases, that
 
 “
 
 where the person last seized shall have left no issue capable of inheriting, nor brother, nor sister, nor the issue of such, the
 
 inheritance
 
 shall vest in the father if living, and if not, then in the mother if livinar.”
 

 
 *473
 
 This general provision, in favor of the father and mother, expressly departs from the principle of keeping the inheritance in the blood of the first purchaser, which, for feudal reasons, was strictly adhered to by the common law, and which is retained in our statutes in regard to collateral relations, except for the purpose of preventing an escheat. The parents are, by the statute, looked upon as lineal relations in the ascending line, and in respect to them, the common law principle is put entirely out of the way. Under the statute, now in force, the inheritance vests absolutely in the father, if living,
 

 ' although he is not of the blood of the ancestor from whom the land descended. No words could make the intention of the law-makers plainer than those that are used. In the Nev. Statutes, eh. 38, the provision was, that in such cases the inheritance should vest in
 
 the yiarents, for life
 
 only, with the right of survivorship ; as" amended, the inheritance vests in the father, if living, absolutely; but in both statutes, there is the same disregard of the blood of the first purchaser or ancestor from whom the land descended.
 

 In our case, the half brothers and sisters
 
 not
 
 being capable of taking, it follows that the defendant Ilarvey Moore, who is the father of
 
 Mary
 
 McCollum, the person last seized, is entitled to the land in fee simple.
 

 Pjsr CuRiAM, Decree affirmed.