ALIPH DOZIER *et al. vs.* C. W. GRANDY and wife.

1.  It is well settled that in descended estates, where the person last seized dies without leaving issue, or brother or sister of the blood of the first purchaser, but a half sister not of such blood, and remote collaterals of such blood, the inheritance shall descend upon such remote collaterals, rather than upon such half sister.

The cases of *Bell* v. *Dozier*, 1 Dev. 333, and *Lawrence* v. *Pitt*, 1 Jones 344, cited and approved.

This was a civil action brought to try title to land, and was tried before His Honor Judge [Pool and a jury, at Spring Term, 1871, of Currituck Superior Court.

The facts developed by the testimony were these :

About 1812 one Peter [Barnard died seized of the land in question, having inherited the same from his father : said Peter left a widow who had dower assigned to her, married one Dozier, had issue a daughter, the feme defendant, and died ; Peter left one son Jesse, upon whom the land descended as heir to Peter, and who died without issue or brother or sister of the whole blood ; that the plaintiffs are the nearest collateral kinsmen of the blood of the Barnards, &c.

Under instructions from His Honor, a verdict was rendered in favor of the plaintiffs, and the defendants appealed.

*Bragg & Strong* for the plaintiffs cited
*Bell* v. *Dozier*, 1 Dev. 333. *Felton* v. *Billups*, 2 D. & B. 308. *University* v. *Brown*, 1 Ired. 388. *Burgwyn* v. *Devereux*, 1 Ired. 583, and *Wilkerson* v. *Bracken*, 2 Ired. 316.

*Busbee & Busbee* for defendants.

BOYDEN, J.   The very point raised in this case and in regrrd to the same estate, has heretofore been expressly adjudi-

cated in this Court in the case of *Bell et al.* v. *Dozier* and wife 1 Dev. 333, decided in 1827, Judge Henderson delivering the opinion of the Court.

And again in 1854, in the case of *Lawrence* v. *Pitt*, 1 Jones 344, another question was made in relation to the title to this same inheritance, the opinion being delivered by Judge Battle.

In both these cases the question arose whether upon the death of Jesse Barnard, unmarried and without issue or brother or sister of the parental line, leaving half sister of the maternal line, the estate descended upon this half sister of the maternal line, or upon the heirs of Peter Barnard, the nearest collateral relation, who were of the blood of the first purchaser Peter Barnard, and in both cases this Court decided that the nearest collateral relations, who were of the blood of the first purchaser, were entitled to the inheritance, and not the half sister of Jesse.

In the first case the plaintiffs were the maternal half brothers and sisters of Peter Barnard, and the nearest of kin to Jesse except Lydia his half sister, who was not of the blood of the first purchaser.

In the case of *Lawrence* v. *Pitt*, the same question was substantially made and decided in the same way. These two cases must govern this case, and we deem it sufficient to refer to those cases without further discussion.

There is no error.

PER CURIAM.                     Judgment affirmed.