D. KINCAID, Adm'r of Samuel Beatty, v. ROBERT A. BEATTY et al.

*Devise—Application for Advice by Executor.*

1. In an action by the personal representative of a deceased person for advice and direction as to the execution of his trust, the Court will not consider any matter other than that involved in the administration of the trust estate.

2. A devise in the second clause of a will, "that my lands, after the death of my wife, be divided into four lots equal in value. The lot on which is my homestead I will and devise to my daughters C and

22

E ;" and in the following clause devised : "After the death of my wife, all my property to be equally divided between my children," naming them, nine in number, including C and E ; *Held,* that C and E took an estate in fee in the remainder in the one fourth devised to them in the second clause, and an equal share with the other children in the estate embraced in the third clause.

(*Howerton* v. *Henderson,* 88 N. C., 597; *Edwards* v. *Warren,* 90 N. C., 604; *Pitman* v. *Ashley,* Ibid., 612, and *Alsbrook* v. *Reid,* 89 N. C., 151, cited).

This is a CIVIL ACTION which was heard by *McRae, Judge,* upon exceptions to a referee's report, at Fall Term, 1887, of GASTON Superior Court.

The defendants, other than those representing the shares of the devisees Caroline and Elmina, appealed from the judgment of the Court.

The facts are fully stated in the opinion.

No counsel for the plaintiffs.

*Messrs. W. P. Bynum, R. W. Sandifer* and *C. W. Tillett,* for the defendants.

SMITH, C. J. This action is brought by the plaintiff as administrator *de bonis non cum testamento annexo* of Samuel Beatty, against the defendants, who claims as devisees and legatees, or as representing such as have died, for advice as to the settlement of the trust estate, and in order thereto, for a construction of the testator's will, and a declaration of the rights of the parties under it. For no other purpose could the action be entertained, and so much set out in the complaint as seeks a partition and sale of the land devised, and would, if objection were made to the introduction of this element in the cause, subject it to the imputation of being multifarious, must be eliminated, so as to put it within the jurisdiction of the Court, as an application from the administrator for advice and direction. *Edwards* v. *Warren,* 90

C., 604; *Pitman* v. *Ashley, Ibid.* 612; *Alsbrook* v. *Reid,* 89 N. C., 151.

Owing to the long interval that has elapsed since the testator's death up to that of his wife, to whom for her own life all the estate was given, and the numerous changes that have taken place among those to whom it was given in remainder, by deaths and other causes, the number interested has vastly increased of those entitled, and the problem has become more complex in tracing out the beneficiaries.

The will is in this form:

*First.* I will and bequeath to my beloved wife, Sarah, all my property, both real and personal, during her natural life.

*Second.* My will is that my lands, after the death of my wife, be divided into four lots equal in value. The lot on which is my homestead I will and devise to my two daughters, Caroline and Elmina.

*Third.* After the death of my wife, all my property I will to be divided equally between my children, viz.: Mary Sloan, William, Nancy Porter, Rufus, John W., Jane Rutledge, Lanira McFadden, Caroline and Elmina.

*Fourth.* And lastly, I appoint and ordain my wife, Sarah Beattie, my executrix, to execute the above will to the true intent and meaning of the same. (Signed, sealed, and witnessed.)

The conflicting contentions are these:

The one party among the defendants, (for the controversy is confined to them,) insists that the one-fourth in remainder, devised to the daughters Caroline and Elmina, must be brought into the account, in the distribution, directed among the nine children named in the third and next clause, and they charged with its value in receiving their respective shares with the others; while the other party contends for a construction which gives the two sisters mentioned, the part of the land named, independently, and admits them to an equal share with their brothers and sisters in the apportionment

of the rest of the estate. The solution of this question is necessary, to enable the administrator to know how to divide the funds of the estate, and this, as the discussion in this Court indicates, was the only matter intended to be presented in the appeal.

The action was commenced before the clerk, and the pleadings being in, from which it appeared that a question of law was raised, it was transferred for trial at a Term of the Court, and there referred to Frank J. Osborne to take and state the administration account, and put a construction upon the will, in order to a full determination of the rights of parties thereunder, and a distribution of the estate among the claimants. This the referee proceeded to do, and in his report he finds, as a conclusion of law, that the said Caroline and Elmina took an estate in fee in the remainder in the one-fourth devised to them in the second clause of the will, and an equal share with the others in what is given in the third clause of the will, and such was the ruling of the Court.

The referee finds further, that Caroline, having married and given birth to a child, who survived her, the real estate of said Caroline descended to such child, and the latter having died and having no brother or sister of the blood of her mother, the estate in fee vested in her father, Richard Rankin, and that the like moiety in Elmina, at her death, descended to O. Lee Kincaid, her heir-at-law. In these the Court concurred, and thus this portion of the real estate did not go into the general property for division, and the administrator is wholly disconnected from the controversy in respect to its disposition. The inquiry recurs as to the correctness of this rendering of the will, and whether the distribution to be made by the administrator should or should not exclude this fractional part of the land of the testator.

We concur in the interpretation, and think that the testator intended, as in words he has said, to give these two

daughters an additional share in his estate, as a homestead for them, and an equal share in the residue. Argument can scarcely make it plainer. The third clause evidently means, though the expression "all my property" is used, all such as had not been before disposed of, and not to interfere with what had been.

It is seldom that precedents can be found to guide in the construction of testamentary dispositions of property, and they are mostly where words of technical import are employed and their frequent use has affixed a meaning to them. Had the intention been different, it would have been easy to make it apparent by adding that the two daughters were to account for what was previously given. Instead of this, he inserts their names among the other children, and as to that fund, puts all upon the same footing.

The interpelation of the words "which is left," or others of equivalent import, would remove all obscurity, and this at most was an ellipsis which may be supplied, as was the word "sold," to get at the testator's meaning in understanding his will in *Howerton* v. *Henderson*, 88 N. C., 597.

There is no error and the judgment must be affirmed, and the cause proceed to a full and final determination in the Court below.

Affirmed.