HOWE v. HARPER.

(December 19, 1900.)

1. *Parties—Defect—Answer—Demurrer—Waiver —Pleading.*

Objection for defect of parties must be made by answer or demurrer, or it is waived.

2. *Parties—Necessary—Railroads—Receivers—The Code, sec. 1255.*

An insolvent railroad company is not a necessary party to a suit against a purchaser at foreclosure of mortgage on its road, for an injury while it was operating the road.

3. *Parties—Railroads —Receivers —Foreclosure —Personal Injuries.*

Where the receiver of an insolvent railroad company is discharged, he is not a proper party to an action against a foreclosure purchaser, to recover for personal injuries received after his discharge.

4. *Railroads —Judgment —Insolvent Corporation —Foreclosure—Personal Injuries—Receivers—The Code, sec. 1255.*

In an action for *tort* committed by an insolvent corporation, against purchaser at foreclosure of the property of the insolvent company, the receiver of the insolvent railroad company being a party, judgment should be against the purchaser, subject to be credited with the sum which the receiver may pay.

CIVIL ACTION by S. B. Howe against G. W. F. Harper, receiver of the Chester and Lenoir Narrow-Gauge Railroad, and J. G. Hall and David Hemphill, receivers of the Chester and Lenoir Narrow-Gauge Railroad, and the Carolina and Northwestern Railroad, heard by Judge *H. R. Starbuck* and

a jury, at August (special) Term, 1900, of GASTON Superior Court. From judgment in favor of defendants, the plaintiff appealed.

*Jones & Tillett,* and *A. G. Mangum,* for the plaintiff.
No counsel for the defendants.

CLARK, J.  The plaintiff was injured on the Chester and Lenoir Narrow-Gauge Railroad, March 31, 1894, and the jury have found negligence, and that the damages sustained were $500.  The defendants, Hall and Hemphill, had been receivers of the said railroad company, but they had been discharged on March 10, 1894, and the road had been turned over to the company and was being operated by it at the time the plaintiff was injured.  Subsequently, in January, 1896, the company was again placed in the hands of a receiver (the defendant, G. W. F. Harper), and its property and franchises were sold under foreclosure proceedings in November, 1896, and the purchasers were incorporated as the Carolina and Northwestern Railroad Company.  This latter company, as well as both sets of receivers of the Chester and Lenoir Narrow-Gauge Railroad, are parties defendant, but the objection was made that judgment could not be entered on the verdict, because the Chester and Lenoir Narrow-Gauge Railroad Company is not a party to the action. The Judge, being of that opinion, rendered judgment against the plaintiff.

The objection for defect of parties came too late.  It must be taken by answer or demurrer, or it is waived.  *Silver Val. Min. Co. v. Baltimore Gold and Silver Mining and Smelting Co.,* 99 N. C., 445; *Kornegay v. Steamboat Co.,* 107 N. C., 115, and cases there cited.  But, even if the objection had been taken in apt time, it is without merit.  By virtue of Code, sec. 1255, the mortgage made by the Chester and

Lenoir Narrow-Gauge Railroad Company, "conveyed nothing as against this claim, and, as it conveyed nothing as against this claim, the purchaser got nothing as against this claim by the mortgage sale." *Railroad Co. v. Burnett,* 123 N. C., at page 215. Whether the mortgage was executed before or after the date of injury to the plaintiff, the mortgagees took subject to this statute, and the purchasers take no greater interest. The contention, however, is, that the defunct corporation is a necessary party. Why or how is it necessary, and for what purpose? It is insolvent; its property and franchises have been sold under the mortgage; it no longer exists; it has neither agents nor officers who can be served with process. If the ex-officers of the extinct corporation could be found and brought in, why should they defend the action? What interest have they to protect? The action is against the present company, which has bought the property under foreclosure sale, which property is liable in its hands for payment of damages for *torts* committed by its predecessor. The company now in possession of the property is the only party interested in defending this action, which it has done. The defendant, Harper, appears to have not been entirely discharged as receiver when this action was begun, March 4, 1897, as his answer admits that he still had a small balance in his hands, though he had turned over the property to the purchaser, the new company. But we place no stress on that circumstance, for, if he had been entirely discharged, the property in the hands of the new company was liable for payment of the plaintiff's claim, and the new corporation is the real party in interest. If any other property of the defunct corporation is in existence, which should be first applied to satisfaction of plaintiff's judgment, its receiver (Harper) is a party, and represents it (*Farris v. Receivers,* 115 N. C., 600); and, if he had been discharged, the real

HOWE *v.* HARPER.

defendant, the new corporation, on suggestion that there was other property of the old corporation, might have possibly moved that a receiver be appointed, and he made a defendant, that he might be directed to apply such property first to the plaintiff's debt; but that is a matter beween the two corporations. The mortgage being non-existent as to plaintiff's judgment, the present corporation, having succeeded to its property and franchises, is liable, not to exceed the extent of the mortgaged property bought by it. If any property of the old corporation remains in the hands of Harper, receiver, which has not been disbursed in discharging his trust, it should be applied to the plaintiff's judgment, but judgment should have been rendered against the new corporation for the $500 damages assessed by the jury and (though he sues as a pauper) for costs (Laws 1895, chap. 149), to be credited by whatever amount, if any, is paid by Harper, receiver, as aforesaid. Hall and Hemphill are not proper parties to this action, having been discharged as receivers before the injury was sustained by the plaintiff. Upon the facts found, judgment should have been entered as above.

Reversed.