### WEEKS v. QUINN.

(Filed May 17, 1904).

DESCENT AND DISTRIBUTION—*Executors and Administrators—The Code, sec. 1281.*

> Where one is survived by his daughter and widow, and the daughter inherits an estate from him and dies before the widow, the heirs of the widow, and not those of the husband, inherit the estate, and it is immaterial whether the daughter or widow were in possession.

ACTION by J. D. Weeks and others against J. H. Quinn, heard by *Judge B. F. Long,* at November Term, 1903, of the Superior Court of RUTHERFORD County. From a judgment for the defendant the plaintiff appealed.

*Eaves & Rucker* and *Morrow & Smith,* for the plaintiff.
*Quinn & Hamrick,* for the defendant.

MONTGOMERY, J.  Under the common law the fifth of the rules or canons of inheritance was that on failure of lineal descendants, or issue of the person last seized, the inheritance shall descend to his collateral relations being of the blood of the first purchaser; and rule first was an inflexible one that inheritance should never lineally ascend. By our statute of 1808, ch. 739, Rev. Stats., ch. 38, Rules 4 and 6, changes were made in respect to those two rules of descent under the common law. The fourth canon of descent in chapter 38 of the Revised Statutes provides that on failure of lineal descendants, where the inheritance has been transmitted by descent, * * * the inheritance shall descend to the next collateral relations of the person last seized *who were of the blood* of such ancestor; and in rule 6 there is a general provision that where the person last seized shall have left no issue nor brother nor sister nor the sister of such,

the inheritance shall vest for life only in the parents of the intestate or in either of them, if one only be living, and on the death of the parents, then to the survivor, and afterwards be transmitted according to the preceding rules. That proviso was amended as appears in the Revised Code so as to vest the inheritance absolutely in the father if living, and if not then in the mother if living, whether of the blood of the ancestor from whom the land descended or not. That is the law as it is now written in The Code in the proviso in rule 6 of the chapter on descents.

The very question now before us is that which was before the Court in the case of *McMichael v. Moore,* 56 N. C., 471, and the same principle is decided in *Kincaid v. Beatty,* 98 N. C., 340, and *Early v. Early,* 134 N. C., 258. The Court in *McMichael v. Moore* said: "This general provision in favor of the father and mother expressly departs from the principle of keeping the inheritance in the blood of the first purchaser, which for feudal reasons was strictly adhered to by the common law, and which is retained in our statutes in regard to collateral relations, except for the purpose of preventing an escheat. The parents are by the statute looked upon as lineal relations in the ascending line, and in respect to them the common law principle is put entirely out of the way. Under the statute now in force the inheritance vests absolutely in the father, if living although he is not of the blood of the ancestor from whom he land descended. No words could make the intention of the law-makers plainer than those used. In the Revised Statutes, chapter 38, the provision was that in such cases the inheritance should vest in the parents for life only, with the right of survivorship; as amended, the inheritance vests in the father if living, absolutely, but in both statutes there is the same disregard of the blood of the first purchaser or ancestor from whom the land descended.

In the case before us, submitted under section 567 of The Code, it appears that William Weeks died intestate in 1901, seized and possessed of the lands described in the case submitted, leaving a widow, Alpha, and a daughter, Willie Belle. The daughter died in the life-time of the mother, Alpha. The defendant J. H. Quinn qualified as administrator of Alpha, the widow of William Weeks, who had after his death intermarried with one Butler, and has commenced a special proceeding in the Superior Court of Rutherford County to subject the land and assets to pay the debts, and for partition among the heirs at law of his intestate, Mrs. Butler. The action was commenced by the plaintiffs, who are the heirs at law of William Weeks, from whom the land descended to his daughter, Willie Belle Weeks, and the defendants (besides Quinn, the administrator) are the next of kin of Mrs. Butler, formerly the widow of William Weeks.

As we have already said, the case of *McMichael v. Moore, supra,* is controlling here. Willie Belle, the daughter of the intestate William Weeks, by the death of her father and the inheritance being cast upon her by the event, became the *propositus* or stock from whom the inheritance lineally ascended to her mother. It is immaterial who was in the actual possession of the land—whether Willie Belle, the daughter, or Alpha, the mother—for the reason that by rule 12 of the chapter on descents in The Code it is declared that "every person in whom a seizin is required by any of the provisions of this chapter shall be deemed to have been seized, if he may have any right, title or interest in the inheritance." The Court below gave judgment that the defendants are the owners of the land and that they recover possession thereof. There is no error in that ruling.

Affirmed.