FENNER PAUL et al. v. S. LLOYD CARTER.

(Filed 14 September, 1910.)

### Heirs at Law—Collateral Relations—Blood of Ancestors.

Rules 4 and 6 of the Canons of Descent, Revisal, section 1556, are *in pari materia*, and should be construed together and harmonized; and thus construed, the collateral relations of the half blood inherit equally with those of the whole blood, under the provisions of canon 6, when, under the requirements of canon 4, they are of the blood of the ancestor from whom the estate was derived.

APPEAL by plaintiffs from *Ferguson, J.*, at the May Term, 1910, of BEAUFORT.

The plaintiffs brought this action to recover the possession of a tract of land. They claim title to the land as the children of J. B. Paul by his first marriage. J. B. Paul, after the death of his first wife, married Bettie Carter, who inherited a one-third interest in the land from her father, Stephen Carter, the other heirs of Stephen Carter being his two sons, Lawrence Carter and the defendant. The latter has purchased the interest of Lawrence Carter and is the owner of the entire interest in the land, if the disputed question is decided in his favor. J. B. Paul had one child by his second marriage. He died and then his wife, Bettie Paul, formerly Bettie Carter, died intestate, their child surviving them. The child died in infancy, and the plaintiffs now assert title to a one-third interest in the land as the heirs of the deceased child of J. B. and Bettie Paul, while the defendant claims that he and his brothers are the heirs of the child, and that he, by purchase from them of two-thirds of that interest and inheritance in his own right of the other third, is the sole owner of the land. The court so decided, and the plaintiffs appealed.

*Ward & Grimes* for plaintiff.
*W. M. Bond* and *N. L. Simmons* for defendant.

WALKER, J., after stating the facts. The solution of the question in this case depends upon the construction of rules 4 and 6 of the Canons of Descent, Revisal, ch. 30, sec. 1556.

Rule 4 provides that on failure of lineal descendants where land has been transmitted by descent from an ancestor, the inheritance shall descend to the next collateral relations, capable of inheriting, of the person last seised, *who are of the blood* of such ancestor. Rule 6 provides that collateral relations of the half blood shall inherit equally with those of the whole blood, the degrees of relationship to be computed according to the rules of common law, but this rule is subject to the proviso that if "the person last seised shall have left no issue capable of inheriting, nor brother, nor sister, nor issue of such, the inheritance shall vest in the father, if living, and if not, then in the mother, if living." These two rules were adopted at the same time (Acts of 1808, ch. 739), and, as they relate to the same subject, or are *in pari materia,* should be construed together, and it was clearly intended that they should be. There is no conflict between them, as suggested by counsel of plaintiffs. They can easily be harmonized and each be allowed its full scope and effect. Collateral relations of the half blood derive their right of descent from the provisions of rule 6. It surely was not the intention to confer upon them a greater right than upon collateral relations of the whole blood. Rule 6 was adopted, therefore, to prevent the term "collateral relations," as used in rule 4, from being confined to those of the whole blood. That term, therefore, embraces all collateral relations, that is, of the whole or of the half blood, who are capable of inheriting, and those of the half blood are as much subject to the restrictions of rule 4 as those of the whole blood, which require not only that they should be capable of inheriting, but that they should be of the blood of the ancestor from whom came the descent or inheritance. But it is useless to further consider or discuss the rules for the purpose of ascertaining their meaning, as this Court has already construed them adversely to the plaintiff's contention in several cases. The plaintiffs are not of the blood of Bettie Paul (or Bettie Carter) the ancestor of the person last seised, nor have they any of the blood of Stephen Carter in their veins, if we are permitted to go back to him. In *McMichal v. Moore,* 56 N. C., 471, the very question presented by this appeal was considered and decided by the Court,

the position of the parties being reversed, but the point and the principle involved being common to both cases. In that case it was said by *Judge Pearson,* for the Court, that "the petitioners are of the blood of the ancestor from whom the land descended; the defendants, who are the children of the defendant Harvey Moore, and the half brothers and sisters of the person last seised, are nearer in degree than the petitioners; but they are not of the blood of the ancestor; consequently, as against them, the petitioners would be entitled to the land." See also *Bell v. Dozier,* 12 N. C., 333; *Dozier v. Grandy,* 66 N. C., 484. The case of *Little v. Buie,* 58 N. C., 10, fully answers the plaintiffs' contention and shows conclusively that rule 6 excludes from the inheritance collateral relations of the half blood, who are not of the blood of the transmitting ancestor. *Judge Manly* said, in *Little v. Buie:* "It is clear that the father, upon the death of his son, took the entire interest in the land in question, and half sisters, not being of the blood of the transmitting ancestor, took nothing."

There was no error in the ruling and judgment of the court upon the case agreed.

Affirmed.