J. R. WATSON and Wife and GEO. W. RAINES v. ARTHUR SULLIVAN.

(Filed 19 October, 1910.)

Inheritances—Canons of Descent—Collateral Relations—Blood of Ancestor.

The proviso of Rule 6, Canons of Descent, Revisal, ch. 30, that in all cases where the person last seised shall have left no issue capable of inheriting, nor brother nor sister, etc., the inheritance shall vest in the father, if living, etc., should be construed in connection with rule 4, and in order for a collateral relation of the half-blood to inherit, he must be of the blood of the ancestor from whom the estate was derived.

APPEAL from *O. H. Allen, J.,* at the May Term, 1910, of JOHNSTON.

The case was heard on facts admitted in the pleadings and from which it appeared:

1. That John Raines died in 1899, seised and possessed of a tract of which the land in controversy was a part.

2. That said John Raines at the time of his death left him surviving as his heirs at law, two children, George Raines and Bettie Watson, and a grandchild, Florence Sullivan, she being a child of Melvina Sullivan, a deceased daughter of John Raines and her husband, Arthur Sullivan, defendant.

3. In the division of the land of John Raines, seventeen acres of said tract of land were allotted to Florence Sullivan, the only child and heir at law of Melvina Raines, the wife of the defendant, who was then dead.

4. That after the death of John Raines, Arthur Sullivan re-married, and by said last marriage several children were born unto him, and who are now living.

5. That Florence Sullivan died without lineal descendants, and plaintiffs, the two surviving children of John Raines, instituted the present suit against Arthur Sullivan, the father of Florence, to recover the seventeen acres of land inherited by her from John Raines, her grandfather.

There was judgment for defendant, and plaintiffs excepted and appealed.

*W. C. Munroe* for plaintiffs.
*Abell & Ward* for defendant.

HOKE, J. Rule 6 of our Canons of Descent, Revisal, ch. 30, sec. 1556, is as follows: "Collateral relations of the half blood shall inherit equally with those of the whole blood, and the degrees of relationship shall be computed according to the rules which prevail in descents at common law: *Provided,* that in all cases where the person last seised shall have left no issue capable of inheriting, nor brother nor sister, nor issue of such, the inheritance shall vest in the father if living, and if not, then in the mother if living."

It is contended for plaintiffs that under the proviso contained in this rule the father of the person last seised is only allowed to inherit in case such person, last seised, died without brothers or sisters of the half or the whole blood and without reference to their capacity to take by inheritance, but the decisions of our Court construing the rule have been uniformly against the plaintiffs' position.

At common law, collateral descent was not allowed in case of land. 2 Blackstone, pp. 227-228. This was changed at an early date by our legislation on the subject, and it was provided by statute that on failure of lineal descendants, collaterals could inherit land provided they were of the blood of the first purchaser, the ancestor who had acquired the estate. Revisal, ch. 30, rule 4. The same statute established rule 6, and our courts construing the law have held as stated that this requirement of rule 4,

that a collateral claimant should be of the blood of the purchasing ancestor, affected and controlled the interpretation of rule 6, the one before us, and required that in order for a collateral of the half blood to inherit, he should be of the blood of such ancestor. *Paul v. Carter,* at present term; *McMichael v. Moore,* 56 N. C., p. 471; *Bell v. Dozier,* 12 N. C., p. 333. This same construction has been extended and applied to the terms of the proviso and to the effect that the words brother and sister shall be understood to mean brother and sister who are capable of taking under this statute of descents. *Dozier et al. v. Grandy,* 66 N. C., p. 484; *Little et al. v. Buie et al.,* 58 N. C., p. 10. In *Dozier's case, supra,* it was held: "It is well settled that in descended estates, where the person last seised dies without leaving issue, or brother or sister of the blood of the first purchaser, but a half-sister not of such blood, and remote collaterals of such blood, the inheritance shall descend upon such remote collaterals, rather than upon such half-sister." And in *Little v. Buie,* more directly applicable, the ruling was as follows: "Half-brothers and sisters, not of the blood of the purchasing ancestor, cannot take under the statute of descents; where, therefore, one died seised of land descended through his mother from her father, and left no issue, nor brother nor sister, except half-sisters, not any of his mother's blood, it was held, that the father, surviving, took the inheritance." The authorities are decisive and the judgment of the court below is

Affirmed.