### ANNIE M. NOBLE AND MILLS H. HODGES v. JOHN WILLIAMS.

(Filed 21 October, 1914.)

**Descent and Distribution—Whole Blood—Rules of Descent.**

Rule IV and VI of Descents are construed together; and thereunder a collateral relation of the owner of lands, in order to inherit them, must be of the blood of the ancestor from whom the lands originally descended.

APPEAL by defendant from *O. H. Allen, J.,* at chambers in Onslow, 23 September, 1914.

Suit for partition in Onslow County.  The land in question descended to James L. Mills from his father, Lot Mills.  James L. Mills died leaving him surviving a sister of the full blood, Annie M. Noble, and Mills H. Hodges, only child and heir at law of another sister of the full blood, both sisters being children of Lot Mills, deceased.  The suit was against John Williams, half-brother of James L. Mills, he being a child of James Mills' mother by a second husband, Mr. Williams.  The petition alleged that plaintiffs were heirs at law of James L. Mills, each entitled to- half interest in the land; that John Williams was made defendant because he claimed one-third of the land as one of the heirs at law of James L. Mills.  Said defendant answered, asserting his ownership of such interest.

The court being of opinion that plaintiffs were the owners, each entitled to one undivided half of the land, so entered judgment, and defendant excepted and appealed.

*J. O. Carr for plaintiffs.*
*Frank Thompson for defendant.*

HOKE, J. The relevant facts and correct legal conclusion therefrom are very well stated in his Honor's judgment, as follows: "It appearing to the court that the petitioners, Annie M. Noble and Mills H. Hodges, claim an undivided one-half interest each in the lands described in the petition as the only heirs of James L. Mills, deceased, and that the said John Williams claims a one-third undivided interest with Annie M. Noble and Mills H. Hodges in said land on the ground that he is a half-brother of the deceased, James L. Mills, and as such half-brother inherits an equal interest with the said Annie M. Noble and Mills H. Hodges; and it further appearing to the court from the admissions in the pleadings that the land described was the land of Lot Mills, deceased, who was the ancestor of Annie M. Noble and Mills H. Hodges, and of the same blood, but who was of no blood relation to the defendant, John Williams, who was a son of the wife of Lot Mills by a second husband; and the court being of the opinion that when Rule IV and Rule VI of Descents are construed together, the said inheritance descends to the next collateral relation, capable of inheriting, of the person last seized, who were of the blood of such ancestor, and that the defendant John Williams was not of the blood of the said ancestor, Lot Mills, from whom the land descended, and that the said John L. Williams has no interest in the said land: It is, therefore, ordered and adjudged that the said Annie M. Noble and Mills H. Hodges are tenants in common of a one-half undivided interest each in the said premises described in the said petition, and that the said John L. Williams has no interest in the same."

The position is in accord with numerous decisions of our Court to the effect that, in order for a collateral relation of the half blood to inherit under Rule IV of our Canons of Descent, he must be of the blood of the purchasing ancestor from whom the lands descend. *Poisson v. Pettaway,* 159 N. C., 650; *Little v. Buie,* 58 N. C., 10; *McMichael v. Moore,* 56 N. C., 471.

There is no error, and the judgment of the Superior Court is
Affirmed.