DIAL et al. v. CHATMAN.
No. 3576.

Circuit Court of Appeals, Fourth Circuit.
April 3, 1934.

K. R. Hoyle, of Sanford, N. C. (A. A. F. Seawell, of Raleigh, N. C., on the brief), for appellants.

Iredell Hilliard, of Clinton, N. C. (J. C. Kennedy, of Clinton, N. C., on the brief), for appellee.

Before NORTHCOTT, and SOPER, Circuit Judges, and BAKER, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal from an order entered in the District Court of the United States for the Middle District of North Carolina at Greensboro, in the matter of the Carolina Coal & By-Products Company, a corporation, bankrupt, and is a controversy over the distribution, in a bankruptcy proceeding, of the surplus, above costs, of a fund of $5,000 in cash which was the purchase price the trustee in bankruptcy received from the sale of all the property and assets of the bankrupt. These assets consisted of real and personal property situated in both Lee and Chatham counties, and were ordered sold by the bankruptcy court free of all liens, except certain specified taxes. The rights of creditors were transferred to the fund.

After a hearing the referee found in favor of the appellee's claim, from which order an appeal was taken, and the judge of the District Court in a clear and able opinion affirmed the order of the referee, from which action this appeal was brought.

In 1928 Carolina Coal & By-Products Company executed and delivered to N. B. Dial, trustee, its deed of trust to secure the payment of $400,000 in bonds, which deed of trust was recorded. In September, 1930, the appellee began an action in the superior court of Chatham county, N. C., against the Carolina Coal & By-Products Company for damages for the wrongful death of her husband, who was killed while working for the Company. In August, 1931, appellee secured a judgment in said cause for the sum of $3,285.90, which judgment was duly docketed in the office of the clerk of the superior court of said Chatham county.

On the 29th day of August, 1932, Carolina Coal & By-Products Company (hereinafter referred to as the Company) was duly adjudicated bankrupt in the District Court of the United States for the Middle District of North Carolina.

On February 1, 1933, all the property of the bankrupt was sold at public auction to the highest bidder for cash, said sale being free and clear of all liens, with the exception of taxes due, at which sale Hon. N. B. Dial, bidding on behalf of himself and certain bondholders, bid the sum of $5,000. Said sale remained open for ten days, and was, on the 20th day of March, 1933, duly confirmed by the court.

On the 15th day of February, 1933, the petition of appellee was filed, asking that the claim of $3,285.90 be allowed and paid out of the sum of $5,000 realized from the sale of the property of the bankrupt.

The amount realized, after paying expenses of the sale and of the bankruptcy suit, is not sufficient to pay in full either the claim of the appellee or the bondholders under the deed of trust and the rights of no other creditors are involved.

At the time the Company gave the deed of trust above referred to in 1928, section 1140 of the Consolidated Statutes of North Carolina was in effect and its provisions were

as a matter of law, read into the deed of trust. McCless v. Meekins, 117 N. C. 34, 23 S. E. 99; Coal Company v. Electric Light & Power Co., 118 N. C. 232, 24 S. E. 22.

Section 1140 reads as follows: "C. S. sec. 1140. Mortgaged property subject to execution for labor, clerical services, and torts:—Mortgages of corporations upon their property or earnings cannot exempt said property or earnings from execution for the satisfaction of any judgment obtained in courts of the state against such corporations for labor and clerical services performed, or torts committed whereby any person is killed or any person or property injured."

This statute has been construed by the United States Supreme Court in Guardian Trust & Deposit Co. v. Fisher, 200 U. S. 57, 26 S. Ct. 186, 189, 50 L. Ed. 367, in which it is held that the statute is not penal but remedial in its nature, and is to be construed liberally to carry into effect the intention of the Legislature and provide the adequate remedy which it intended. As was said by the court: "The obvious purpose was to make the corporate property situate in the state security against torts committed by its owner."

It is clear that the holders of the bonds secured by the deed of trust held them subject to the provisions of the statute, and their security was fixed with the contingent liability of a recovery for a tort committed by the Company.

On February 13, 1929, the Legislature of North Carolina passed an act (chapter 29, Public Laws 1929) amending section 1140, which act provided as follows: "Section 1. Amend section one thousand one hundred and forty of the Consolidated Statutes of North Carolina by adding after the words 'mortgages of' in the first line [of same] the words 'public service.' "

On March 18, 1929, the Legislature passed an act (chapter 256, Public Laws 1929) which provided as follows: "Section 1. That 'An Act to Amend Chapter 22, Section 1138, of the Consolidated Statutes Relating to Corporations' and 'An Act to Amend Section 1140 of the Consolidated Statutes of North Carolina Relative to Mortgages of Corporations' shall be so construed as to apply only to instruments executed after their ratification."

Under the general rules of statutory construction a statute will not be held retroactive unless plainly so intended. That the Act of February 13, 1929, was not intended to affect instruments executed before its passage seems clear from its language, as it does not expressly state that they shall be so affected. This conclusion is strengthened by the fact that the Act of March 18, 1929, expressly declares that the Act of February 13th shall apply only to "instruments executed after their ratification."

Under the North Carolina decisions acts of the Legislature are to be construed prospectively, not retroactively. Hicks v. Kearney, 189 N. C. 316, 127 S. E. 205; Ashley v. Brown, 198 N. C. 369, 151 S. E. 725.

See, also, 25 R. C. L. 787; 59 C. J. pp. 1159–1170; U. S. v. Louisville & N. R. Co., 236 U. S. 318, 35 S. Ct. 363, 59 L. Ed. 598; Cox v. Hart, 260 U. S. 427, 43 S. Ct. 154, 67 L. Ed. 332.

Where the contract clause of the Federal Constitution (art. 1, § 10, cl. 1) is involved, the federal courts are not bound by decisions of the state courts. While treating such decisions of state courts with great respect, the federal rule will be applied. Coombes v. Getz, 285 U. S. 434, 52 S. Ct. 435, 76 L. Ed. 866.

The two acts of 1929 should be construed together under the doctrine of "in pari materia," and repeal of a former statute will not be implied unless there is a positive repugnance between the later and the former act. Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415.

It is also the North Carolina rule that statutes adopted at the same time must be construed together, when they relate to the same subject-matter, Paul v. Carter, 153 N. C. 26, 68 S. E. 905, and all acts passed at the same session of the Legislature with reference to the same subject-matter are construed as one act, Wilson v. Jordan, 124 N. C. 683, 33 S. E. 139.

The acts of 1929 did not affect the status that existed between the holders of the bonds of the Company and one recovering for a tort committed by the Company.

Section 1140 Consolidated Statutes, while it did not give the appellee a lien for her judgment for the tort committed, did create a priority and had the effect of rendering the deed of trust subordinate to the judgment. Guardian Trust & Deposit Co. v. Fisher, supra.

The Supreme Court of North Carolina has not clearly decided the precise point here

24

involved (compare Belvin v. Paper Company, 123 N. C. 138, 31 S. E. 655; Joyner v. Reflector Company, 176 N. C. 274, 97 S. E. 44; Helsabeck v. Vass, 196 N. C. 603, 146 S. E. 576; Wilmington & W. R. Co. v. Burnett, 123 N. C. 210, 31 S. E. 602; Howe v. Harper, 127 N. C. 356, 37 S. E. 505; Clement v. King, 152 N. C. 456, 67 S. E. 1023), but we think that the fair interpretation of the act is that the judgment creditor in the tort action was given a priority over the lien of a pre-existing mortgage.

Since, under the law of North Carolina, a tort judgment takes priority over the lien created by the deed of trust, a bankruptcy court will follow the state law. Title 11 USCA § 104 (b), subsec. 7.

Appellee's judgment could have been enforced by execution, as if there were no mortgage lien on the property, and, but for the intervention of bankruptcy, this course could have been pursued. No lien could be acquired after bankruptcy. There was ample time to enforce the judgment, and, since bankruptcy prevented this, the priority that would have existed should be followed as to the proceeds of the sale. It is conceded that were this a foreclosure proceeding appellee's judgment would, under the law of North Carolina, be preferred over the lien of the bondholders.

The action of the court below was right, and the order appealed from is accordingly affirmed.