N. GOLDBERG & SON, et al. *v.* SOLOMON COHEN, et al.

*Action to Set Aside Fraudulent Assignment—Creditor's Bill—Parties Defendant Becoming Plaintiffs Entitled to Share Fruits of Recovery.*

1. A creditor who is made a defendant in a creditor's bill to set aside a common debtor's deed of assignment as fraudulent may become a plaintiff by conforming to the usual requirements, and, by concurring in and actively aiding the establishment of the allegations of the complaint, becomes entitled to share in the fruits of the recovery. (*Hancock* v. *Wooten*, 107 N. C., 9, distinguished.)

2. Where, in a suit begun in December, 1894, by creditors to set aside a deed of assignment as fraudulent, P., a preferred creditor in the deed, was made a party defendant in 1895, after having himself begun an independent action attacking the deed as fraudulent, and filed an answer in 1896, in which he disclaimed any purpose to claim under the deed and concurred in the allegations of the complaint, except such as assailed the *bona fides* of his debt, and was allowed to become a plaintiff as other creditors who had come in after the commencement of the action, and thereupon the plaintiffs withdrew their attack upon P.'s debt and accepted his active participation in the prosecution of the suit, in which the only issue related to the fraudulent character of the deed; *Held*, that P. was entitled to be treated as a party plaintiff and to share *pro rata* in the recovery upon setting aside the deed.

This was a CIVIL ACTION, in the nature of a general creditor's bill, tried before *Graham, J.*, and a jury, at February Term, 1896, of CRAVEN Superior Court.

The summons was issued December 29, 1894, returnable to February Term, 1895, and complaint was filed at date of issuing summons; Jacob Pizer was made party defendant in said summons and complaint, but service was not then made upon him. At February Term *alias* summons, and at May Term, 1895, *pluries* summons was issued, and

service made by publication, and at Fall Term, 1895, time was allowed said Pizer to file answer as of that term. At February Term and May Term, 1895, additional parties plaintiff were made and an amended and supplemental complaint was filed. Jacob Pizer is a preferred creditor in the deed of assignment set out in the complaint.

On August 1, 1895, said Pizer instituted a separate action against defendant Cohen to set aside the deed of assignment upon the grounds of fraud.

At February Term, 1896, said Pizer filed an answer in this case, disclaiming any participation with Sol. Cohen in the fraud alleged to have been perpetrated, and asking that he be made party plaintiff and allowed to assist in the prosecution of this case to set aside the deed of assignment, which motion was allowed, and his counsel thereupon, all through the trial, sat with the counsel for other plaintiffs and rendered efficient assistance in examination of witnesses and the argument of the case to the court and the jury. When the trial was called and pleadings read the plaintiffs withdrew all allegations in their complaint raising issues with defendants' answer, he having withdrawn his denial of their claims, and only the issue of fraud was submitted to the jury.

The counsel for the plaintiff stated that while they had no objection to such assistance as the defendant Pizer might render, they wished to give notice, before the trial, that they claimed priority in any recovery that might be had, and denied the right of Jacob Pizer to share *pro rata* with them, by reason of the fact that they had made themselves parties and instituted their creditor's bill as aforesaid prior to the time that Pizer instituted his separate creditor's bill or filed his answer in this action

The court stated that the question of priorities, being one of law, would be determined by the court in rendering judgment.

The jury rendered a verdict in favor of the plaintiffs; plaintiffs tendered a judgment giving plaintiffs, exclusive of Pizer, a first lien upon all money and property described in the deed of assignment from Sol. Cohen to P. H. Pelletier, and giving Jacob Pizer a second lien upon the same, which the court declined to sign, and rendered judgment permitting Pizer to share *pro rata* with the others.

Plaintiffs excepted and appealed.

*Mr. C. R. Thomas*, for plaintiffs (appellants).
*Messrs. Clark & Guion* and *W. D. McIver*, for J. Pizer.

AVERY, J.: This is the appeal of the other plaintiffs from so much of the judgment as allows Jacob Pizer to share equally with the creditors who instituted the suit. Jacob Pizer was preferred as a creditor of the second class in the deed of assignment which the suit was brought to set aside as fraudulent. The summons was issued by the other plaintiffs on December 29, 1894, and the complaint was filed on the same day, Jacob Pizer being named in both as a party defendant. *Alias* and *pluries* summons and publication were resorted to before Jacob Pizer was brought into court at the Fall Term, 1895, when further time was allowed him to answer. Pizer had meantime instituted a second action on August 1, 1895, to set aside the same assignment as fraudulent, though he was preferred therein in the second class. At February Term, 1896, Pizer filed his answer, in which he set forth that he was debarred from joining in the suit in December, 1894, because the other plaintiffs in their complaint charged that his claim was fraudulent. He disclaimed any purpose to

claim under the deed, and announced his concurrence in the complaint, except in so far as it assailed the *bona fides* of his debt. Meantime, accepting the invitation of the original plaintiffs, Emigh & Lobdel, Hartman & Richards, Wallace Elliott & Co., Wm. Everett House and others were allowed to come in at February Term, 1895, and make themselves parties. Of the number then allowed to make themselves parties plaintiff, judgment of non-suit was entered against Mark H. Cohen at the Spring Term, 1895, for failure to contribute to the expenses of the action. But on the coming in of Pizer's answer, he not only disclaimed any purpose to uphold the deed, but concurred in the charge that it was fraudulent, and asked to be made a party plaintiff, and the court on motion ordered that he be allowed to come in as a plaintiff, after which order he personally and through his counsel actively participated in the conduct of the suit up to the rendition of the verdict on the issue as to the fraudulent character of the deed. Upon the trial the other plaintiffs withdrew all allegations in the original complaint that Pizer's claim was fraudulent, for the reason that he had withdrawn all objections to their claims, and only the issue mentioned was finally submitted because of that understanding.

The relation sustained by Pizer to the original plaintiffs, therefore, was very widely different from that occupied by Wooten, in *Hancock* v. *Wooten*, 107 N. C., 9, which the plaintiffs seem to rely on in support of their contention.

1. Pizer was allowed on motion, to which there appears to have been no objection, to become a plaintiff instead of a defendant. The original plaintiffs entered no exception, as they might have then done, and in the exercise of due diligence ought to have been done, but on the contrary availed themselves of the assistance rendered by him, and treated him in all respects as they did Emigh & Lobdell and

other parties who accepted their invitation and joined in the prosecution of the action on motion and order at February Term, 1895, and went so far as to withdraw their attack on his claim for the purpose of securing his co-operation on the trial of the issue of fraud. It is manifestly too late now to object to Pizer's sharing the fruits of the recovery, which he has the same right to claim as those plaintiffs who began to contribute under an order of the court in February, 1895, and continued to be parties till after the hearing. Having treated the suit as a general creditor's bill by recognition of the others, who asked to come in, it is too late now for the original plaintiffs, and those who joined them by leave of the court up to the February Term, 1895, to set up a claim to the whole fund acquired by the assistance of another party, whose help they seemed so anxious to have that they admitted, what they had previously questioned, the *bona fides* of his claim. Whatever may be the last moment at which a creditor can be admitted as a party plaintiff, as a rule, in view of all of the circumstances, the plaintiff appellants cannot, in the face of the invitation and orders mentioned, avail themselves of the exception against a co-plaintiff because he has been permitted to change from an adversary to an assisting party. Pizer, in every aspect of the question, came in without objection and in apt time. *Dobson* v. *Simonton,* 93 N. C., 268.

2. The principle laid down in *Wooten* v. *Hancock, supra,* was that the creditors, who attacked a deed of assignment and succeeded in having it set aside for fraud, are entitled to share *pro rata* in the recovery, and are entitled to the preference over other creditors who either fail to become parties at all, or, as parties defendant, unite with the assignor in defense of the fraudulent assignment. 107 N. C., at p. 19, the Court said, " He (Wooten) has never

abandoned his adverse position, and is even now insisting upon a new trial upon the issue involving the validity of the trust." Upon the issue of fraud Pizer was actively assisting the affirmative, while Wooten fought against the finding that the deed was fraudulent, even upon the hearing in this Court.

Without entering further into the discussion of the doctrine laid down in Hancock's case, *supra*, it is sufficient to say that Pizer must be treated just as if his name had appeared as a plaintiff instead of as a defendant in the original summons issued December 29, 1894. The judgment is affirmed.

Affirmed.