THE WILMINGTON & WELDON RAILROAD COMPANY v. THOMAS B. BURNETT and ELIJAH HEWLETT, Sheriff.

(Decided November 22, 1898.)

*Mortgages—Purchasers—Notice.*

1. Under Section 1255 of *The Code*, amended by Acts of 1897, Chapter 324, Mortgages of incorporated Companies do not exempt their property from execution on judgments obtained in the Courts of the State against them for labor performed nor for torts committed.

2. It makes no difference whether the mortgaged property was sold before, or after the judgment, when the purchaser takes with notice.

CIVIL ACTION for injunction heard before *Adams, J.,* at April Term, 1898, of New Hanover Superior Court.

There was a restraining order issued, and order directing the defendants to show cause why an injunction to the hearing should not be granted enjoining them from selling under execution property claimed by plaintiffs under the following circumstances:

The W. N. & N. Railway Company operating a line between Wilmington and Newbern on 12 January, 1891,

executed a mortgage conveying its property to secure its bonds. Default having been made the trustee on 13 March, 1897, instituted a suit in Equity in the U. S. Circuit Court for the Eastern District of North Carolina to foreclose the mortgage, appoint a receiver and sell the property, all of which was done, and a sale made by the receiver on 15 July, 1897, to parties who organized a corporation known as the Wilmington & Newbern Railway Company.

The sale was confirmed, and deed made to this Company, on 27 July, 1897, who in December following conveyed the property to the plaintiff.

After the execution of mortgage aforesaid, Burnett, one of the defendants, on 26 November, 1894, while a passenger on the train of the W. N. & N. Railway Co., then operating its road, was injured and on 9 January, 1895, brought an action against said Railway Co., in the Superior Court of New Hanover County for damages for such injury. The action was tried and judgment recovered by Burnett at September Term, 1896 — appeal by the Railway Co.—judgment reversed by the Supreme Court—new trial had and judgment obtained below at September Term, 1897, against the Railway Co., but subsequent to the sale to the plaintiff.

On this judgment execution was issued and levied upon the property of said railway Co., mortaged as aforesaid, and the sale advertised by the Sheriff. The plaintiff, W. & W. Railroad Company, claiming the property under the said foreclosure sale, instituted this action against the Sheriff and Burnett to enjoin the sale.

His Honor dissolved the restraining order, so far as the Sheriff was concerned, as erroneously made—but

RAILROAD CO. *v.* BURNETT.

continued it as to Thomas B. Burnett until the hearing. From this judgment the defendant Burnett appealed.

*Messrs. E. S. Martin, George Rountree, T. W. Strange,* and *Bellamy & Bellamy,* for (appellant).
*Mr. A. M. Waddell,* for plaintiffs.

FURCHES, J.: The Wilmington, Newbern & Norfolk Railway Company, a corporation in this State, on the 12th day of January, 1891, executed a trust deed or mortgage to the State Trust Company of New York to secure certain bonds issued by said corporation. Default being made in the payment of said bonds, as provided in the mortgage, suit was commenced in the Circuit Court of the United States at Wilmington, N. C., on the 13th day of March, 1897, for a foreclosure and sale of the mortgaged property. A receiver was appointed who took possession of the same, a decree of foreclosure was had, and on the 27th day of July, 1897, the road (the mortgaged property) was sold and the assignor of the plaintiff became the purchaser; that on the 26th day of November, 1894, the defendant Burnett, at that time a passenger on the mortgaged road, was injured by said road, for which he commenced a suit for damages against the mortgaged road in the Superior Court of New Hanover County on the 9th day of January, 1895; that this action continued and pended in said court until September term, 1897, when the defendant Burnett recovered judgment against the Wilmington, Newbern & Norfolk Railway Company (the mortgagor); that upon this judgment the defendant Burnett has caused execution to issue to the Sheriff of New Hanover County, and he is seeking to collect the same out of the mortgaged property of the Wilmington, Newbern & Norfolk Railway Company, purchased by the plaintiff, or

its assignor on the 15th day of July, 1897, under the foreclosure sale made under a decree and order of the Circuit Court of the United States.

This action is brought to enjoin the defendant Burnett and the Sheriff of New Hanover County from selling said property under said execution.

It seemed to be conceded by counsel on both sides that the plaintiff's right to the relief demanded depends upon the construction the court puts on Section 1255 of *The Code.*

This section has been considered by this Court in several recent opinions. But it is contended by the plaintiff that the precise question presented in this case has not been decided, while it is contended by the defendant that it has been decided in favor of the defendant in *Coal Co.* v. *Electric Light Co.,* 118 N. C., 232, and in *Langston* v. *Improvement Co.,* 120 N. C., 132. (And we wish, here, to correct an error in this last case on page 134. It should be section 1255, and not 685, as it is printed.)

The distinction the plaintiff seeks to make is that the mortgaged property had been sold before the defendant recovered his judgment, when it had not, in the other case. But upon an examination of these cases (*Coal Co.* v. *Electric Light Co.,* and *Langston* v. *Improvement Co., supra*) it will be seen that in both of them the mortgaged property had been sold under the mortgage; and in both of them it was held that, this made no difference, as the purchaser took with notice of the plaintiff's claim. So, in this case, the plaintiff purchased with notice of the defendant's claim, as it was considered by the Master or Referee, to whom the matter was referred by the Court making the decree of foreclosure and order of sale and reported by him as a claim

against the mortgagor corporation. So we fail to see
the distinction claimed by the plaintiff betwen this case
and *Coal Co.* v. *Electric Light Co.*, and *Langston* v. *Improvement Co.*, on the ground of the sale of the mortgaged property. These opinions are expressly put upon
the ground that the mortgages were void as to such
claims, and that the property stood, so far as such
claims are concerned stand, just as if no mortgage had
been made. If this were not so, this statute would be
a false light held out to such claimants to induce them
to furnish material and labor—thinking they had a security, when in fact they had none. A party furnishes
a corporation with $500 worth of coal to run the concern:
he knows there is a mortgage on the corporate property, but he knows that section 1255 says that this
mortgage is not good against such claims. The corporation refuses to pay, and he is compelled to sue, and before
he can get his judgment the mortgage is foreclosed, the
property sold, and he gets nothing. The Legislature
could not have intended this and we so hold.

The mortgagee always has the power to protect himself against such claims, if he chooses to do so, by foreclosing the mortgage or by taking the property into possession, or by having a receiver appointed. And where
the mortgagee is getting a part of the earnings by way
of interest or otherwise, and prefers to allow the mortgagor to remain in possession and to run the concern,
he must take the risk of such liabilities.

Another ground the plaintiff takes is that the mortgaged property was sold under a decree of the Circuit
Court of the United States, having jurisdiction of the
matter, and the power to foreclose the mortgage and to
make an order of sale. This is not disputed. But the
defendant was not a party to that suit, and no rights

that the defendant Burnett had are affected by this de-
cree and order of sale. Therefore, the fact that the
plaintiff claims under a sale made under a decree of
foreclosure and order of Court, does not affect the rights
of the defendant Burnett. The order was based on the
mortgage, and conveyed no more than was conveyed by
the mortgage. It conveyed no more than would have
been conveyed by a foreclosure of the mortgage, under
a power of sale contained in the mortgage.

We have stated that the mortgagee had notice of the
plaintiff's claim, and that the purchaser was affected
with this notice, as it was a part of the record in the
proceedings under which the purchaser bought. We
have done this for the purpose of showing the great
similarity between this case and the cases of *Coal Co.*
v. *Electric Co.*, and *Langston* v. *Imp. Co.*, *supra*.

But this notice of the defendant's claim is not in-
volved in the principle upon which this case is decided.
The principle underlying this decision and upon which
it is decided, is, that under Section 1255 of *The Code*,
the mortgage conveyed nothing as against this claim;
and as it conveyed nothing as against this claim, the
purchaser got nothing as against this claim by the mort-
gage sale.

There were many authorities cited in the well con-
sidered brief of defendant's counsel, but as the principle
upon which the case turns has been so recently decided
by our own Court, we have not thought it necessary to
cite them in this opinion. The plaintiff has also filed a
well considered brief, in which a number of cases are
cited to sustain the contention of the plaintiff, which
we do not discuss, and will only refer to the case of
*The B. C. R. & N. R. Co.* v. *Verry*, 48 Iowa, 458,
which was considered by the counsel for plaintiff to be

more directly in point than any case cited for plaintiff. That case is distinguishable from this. The Statute upon which it is based differs very much from our statute (Section 1255). That statute makes the *judgment* recovered on such claim a lien on the *property* of the corporation, and such *judgment* is to have priority to the debts secured in the mortgage. It does not provide, as our statute does, that the mortgage is void as to such debts  But it provides that judgment when recovered shall be a lien on the *property* of the mortgagor. This lien does not attach until there is *judgment*, and then on the *property* of the mortgagor.

And as this is so, and as there is no provision against mortgaging as to such debts, when the *judgment was obtained*, the sale having taken place, the mortgagor had *no property* upon which the lien could attach. To our mind, the distinction between the two statutes, and between that case and this, is clear.

From the view we have taken of this case, there is error in the judgment appealed from, in continuing the restraining order and in granting the injunction.

Error.