G. W. WILLIAMS, THE NATIONAL BANK OF ASHEVILLE, D. C.
WADDELL and J. G. MERRIMON, Trustee, v. WEST ASHE-
VILLE AND SULPHUR SPRINGS RAILWAY CO.

(Decided June 9, 1900.)

*Mortgage by Corporation—Intervening Prior Creditors—
The Code, Sections 685, 1255.*

1. Prior creditors must assert their rights within sixty days after
   registration of mortgage or other conveyance, Code, sec. 685.
2. Where a judgment is obtained for *tort*, after the sale under fore-
   closure, and the property turned over to the purchaser, such
   creditor can not be allowed to intervene in the action for fore-
   closure; his claim is not germane to the action, and he has no
   right to share in the proceeds of sale, but must proceed against
   the debtor and assert his rights by execution against the prop-
   erty, notwithstanding the foreclosure sale.
3. *Aliter*, where the Court, *after* judgment, took possession of the
   property and prevented the enforcement of his execution, the
   judgment creditor should share in the proceeds of sale made
   under order of the Court.

CIVIL ACTION to foreclose a deed of trust made to secure an
issue of bonds, tried before *Coble, J.,* at August Term, 1899,
of BUNCOMBE Superior Court, upon the petition of Falls of
Neuse Manufacturing Company, a creditor of defendant, as
intervenor to share in the proceeds of sale of trust property.
The plaintiff objected. The action was commenced Novem-
ber 22, 1894. Decree of foreclosure. Receiver and com-
missioner of sale appointed, and sale made to D. C. Waddell
for $10,000, reported and confirmed at August Term, 1895,
at which term the petitioners were allowed to be made parties
to assert claim for damages against defendant.

The Falls of Neuse Manufacturing Company, at August
Term, 1899, obtained judgment against the defendant for

$2,833 damages, occasioned by ponding back water on its lands, and as an intervening judgment creditor petitioned to be allowed to share in the funds arising from the foreclosure proceedings instituted by plaintiffs. Petition allowed, over objection from plaintiff, and the commissioner, J. G. Merrimon, was directed to pay off the intervenor's judgment out of the assets in his hands arising from the sale. Plaintiff excepted, and appealed.

*Messrs Merrimon & Merrimon,* and *Davidson & Jones,* for appellants.

*Mr. Chas. A. Moore,* for intervenors.

CLARK, J. This was an action by certain bondholders secured by a deed in trust upon the defendant's property, alleging insolvency, asking a decree of foreclosure, and a receiver *pendente lite.* The action was begun in 1894, a receiver appointed soon thereafter, and a decree of foreclosure at March Term, 1895, sale thereunder 6th July, for the sum of $10,000, and report confirmed at August Term, 1895. At the same term, the Falls of Neuse Manufacturing Company, was allowed to intervene, and the plaintiff bondholders excepted, which exception is one of the matters which now come up for review.

The ground of intervention by said Falls of Neuse Manufacturing Company, set out in its petition to intervene, is that it is the owner of a valuable tract of land and waterpower which have been injured by water ponded back upon said tract by a dam built by one Carrier, on his own land, which dam the defendant railway company subsequently bought and took possession of, and thereafter continued to pond the water back and overflow the land of said petitioner.

It was error to allow the Falls of Neuse Manufacturing

Company to intervene, and the exception of the plaintiff thereto must be sustained.

The claim of the petitioners, if valid, is an indebtedness of the defendant which has no right to share in the fund raised by the sale under the mortgage, nor is its assertion a germane matter to this action whose sole purpose is to foreclose said mortgage and disburse the proceeds among the bondholders. The petitioners rely upon The Code, secs. 685 and 1255. Section 685 has no application except when the prior creditors assert their rights by action within sixty days after the registration of a mortgage or other conveyance. Section 1255 does not apply because, as said in *Coal Co. v. Electric Co.,* 118 N. C., 232, it "neither creates nor provides for the creation of a lien." This case is governed by *Railroad v. Burnett,* 123 N. C., 210. There Burnett brought an action against a corporation for personal injuries, recovered judgment and sued out execution. In the meantime, a mortgage had been foreclosed against the corporation, the property had been sold and a new company was in possession as purchaser. This Court said: "The fact that the plaintiff claims under a sale made under a decree of foreclosure by order of court does not affect the rights of the defendant Burnett. The decree was based on the mortgage and conveyed no more than was conveyed by the mortgage. It conveyed no more than would have been conveyed by a foreclosure of the mortgage under power of sale contained in the mortgage." And says further, "The principle underlying this decision and upon which it is decided is, that under sec. 1255, of The Code, the mortgage conveyed nothing as against this claim, and as it conveyed nothing as against this claim, the purchaser got nothing as against this claim by the mortgage sale."

The intervenor here was not a party to the foreclosure proceeding and did not seek to be made a party till after the

sale had been made under it. The purchaser stands in the shoes of the original debtor, bought only such interest as he could mortgage as against the Falls of Neuse Manufacturing Company, and subject to any judgment it might obtain, and the Falls of Neuse Manufacturing Company has no right to share in the proceeds of such sale. It must proceed against its debtor and assert its rights by execution against the property, notwithstanding the foreclosure sale, just as was held in *Railroad v. Burnett, supra.*

The same doctrine was reiterated in *Belvin v. Paper Co.,* 123 N. C., 138, but, there, the Court after judgment took possession of the property, and having thus prevented enforcement of the execution, it was held that the judgment-creditor should share in the proceeds of sale made under orders of the Court. But here, as in *Railroad v. Burnett,* the judgment for *tort* was obtained after the sale under foreclosure, and after the property was turned over to the purchaser, and there was no obstruction of the petitioner's execution by any action of the Court. As to it, the mortgage and any rights obtained under it, either by bondholders or purchasers, are non-existent. *Hancock v. Wooten,* 107 N. C., 9, which holds that in a creditor's bill the creditors uniting in the action to set aside a fraudulent assignment acquire a preference by way of an equitable lien, has no application in this case. *Goldberg v. Cohen,* 119 N. C., 68.

There being error in admitting the petitioner to intervene over the plaintiff's exception, it is unnecessary to discuss the other exceptions subsequently raised, for whatever views might be expressed would be *obiter dicta.*

Error.