## STATE v. GILBERT P. MELTON.

### (Filed 29 April, 1914.)

**1. Homicide—Self-defense—Uncommunicated Threats.**

Where upon a trial for homicide the killing with a deadly weapon is shown while the deceased was advancing upon the prisoner, and self-defense is relied upon, and it appearing that a verdict of manslaughter was rendered, evidently upon the idea that the prisoner used excessive force, the exclusion of evidence of uncommunicated threats is immaterial.

**2. Homicide—Trials—Character Witnesses—Specific Acts.**

Upon the trial of a white man for the homicide of a negro boy, it is incompetent to ask a witness in the prisoner's behalf whether some third person had not told the deceased that he would eventually be killed for his impudence to white people; and it is also incompetent for the prisoner, in endeavoring to show the character of the deceased, to ask the witness in regard to special acts.

APPEAL by defendant from *Adams, J.,* at January Term, 1913, of GASTON.

Indictment for murder. The defendant was convicted of manslaughter, and from the judgment of the court appeals.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Osborne, Cocke & Robinson, Mangum & Woltz for defendant.*

PER CURIAM. The defendant was indicted for the murder of Alexander Sutton, a colored boy 17 years old, and was convicted of manslaughter. All the evidence in this case tends to prove that the defendant killed the deceased by firing upon him with a pistol four or five times in succession, claiming that he acted in self-defense, and that the deceased was advancing on him with a knife.

There are only three assignments of error taken to the evidence, and none to the charge, which is not sent up with the record.

The first assignment of error is taken to the exclusion of certain alleged uncommunicated threats against the defendant, made by the deceased about ten minutes before the homicide.

It is unnecessary to consider this assignment of error, as it is perfectly apparent from a perusal of all the evidence (and we understood it to be admitted upon the argument) that the only possible theory upon which the jury could have convicted the defendant of manslaughter was upon that of excessive force, and that the killing of the deceased under all the circumstances by shooting four bullets into his body was unnecessary. That being so, the evidence, if erroneous, was harmless.

The second assignment of error is to the ruling sustaining an objection by the State to the question, "Did you hear Mr. J. Flem Johnson tell that boy if he did not behave himself he would get killed, and stop being impudent to white people?"

The opinion of J. Flem Johnson and his prognostication as to what would happen to the boy is utterly incompetent and irrelevant to the issue tried in this case.

The third assignment of error is taken to the exclusion of the question, referring to the deceased, "What did you see him do tending to show his reputation for being a dangerous man?"

This witness had testified that he was not acquainted with the deceased, and in answer to a question, "Know his reputation for being anything dangerous?" had said, "No, sir; just what I saw the boy do."

In *S. v. Hairston,* 121 N. C., 582, the Court said: "A party introducing a witness as to character can only prove the general character of the person asked about. The witness on his own motion may say in what respect it is good or bad."

In no case, either on direct examination or on cross-examination, can a witness be asked to testify to particular acts. The limit of such evidence is testifying as to particular traits of character. The question here objected to seems to have been directed to an attempt to bring out testimony of some particular act of the deceased, which is not permissible. See, also, *S. v. Wilson,* 158 N. C., 599.

Upon a careful examination of this record, we find no just ground to award another trial.

The defendant is evidently indebted to the mercy of the jury, as well as to the leniency of the judge, that he has not received a severer sentence.

No error.