Action to enjoin sale of land and other property under an execution issued at the request of defendant, H. F. Vass, to the sheriff of Forsyth County. At the date of the commencement of this action, the said sheriff had advertised the said land and other property of the sale under said execution.
The execution was issued for the satisfaction of a judgment in favor of defendant, H. F. Vass, and against the Alderman Manufacturing Company, a corporation, for the sum of $2,589.91, with interest thereon from 31 October, 1927. Said judgment was rendered on 5 December, 1927, in an action begun in the County Court of Forsyth County on 1 November, 1927, in which defendant, H. F. Vass, was the plaintiff and *Page 605 
the Alderman Manufacturing Company was the defendant. Since the commencement of said action, and prior to the rendition of the judgment therein, plaintiff has become the owner of the land and other property which the sheriff has advertised for sale under the execution issued to him on said judgment. At the date of the docketing of said judgment, the Alderman Manufacturing Company, the judgment debtor, was not the owner of said land and other property, or of any interest therein.
On 15 April, 1926, the Alderman Manufacturing Company, on that date the owner thereof, conveyed the said land and property to a trustee to secure the payment of certain bonds recited in the deed of trust. Default having been made in the payment of said bonds, the said trustee, after fully complying with the terms of the powers of sale contained in said deed of trust, offered the said land and other property for sale on 31 October, 1927. At said sale, the plaintiff in this action was the purchaser of said property; the sale was duly confirmed and on 12 November, 1927, the trustee conveyed the said property to the plaintiff, who had fully complied with his bid, by deed which was duly recorded. Plaintiff at once entered into possession of said land and other property, and at the date of the commencement of this action was the owner of the same.
On or about 1 February, 1927, defendant, H. F. Vass, entered into a contract with the Alderman Manufacturing Company, under which he performed certain services for said company, which he alleges were clerical in their nature. At the sale on 31 October, 1927, the said defendant caused notice to be given to all persons present, that he had a claim against the Alderman Manufacturing Company for the sum of $2,589.91, the same being the amount due for salary and wages for clerical services, and that he claimed a lien on the property of the said Alderman Manufacturing Company, for said sum, superior to any mortgages or deeds of trust, executed by said company on said land and property. On the next day after the sale, to wit, on 1 November, 1927, the said H. F. Vass instituted an action in the County Court of Forsyth County against the Alderman Manufacturing Company on said claim. This action pended in said county court until December, 1927, on which day judgment was rendered in favor of said H. F. Vass and against said Alderman Manufacturing Company for the sum of $2,589.91, with interest thereon from 31 October, 1927. This judgment was rendered by default, defendant in said action having failed to file an answer to the verified complaint therein.
Execution having been issued on said judgment, at the request of defendant, H. F. Vass, the sheriff of Forsyth County has advertised said land and property, formerly owned by the Alderman Manufacturing *Page 606 
Company, and now owned by plaintiff, for sale to satisfy said judgment. This action was thereupon begun to enjoin said sale.
At the trial the only issue submitted to the jury by the court, was answered as follows:
"Did the defendant, H. F. Vass, give notice of his claim against Alderman Manufacturing Company, as alleged in the answer? Answer: Yes."
From judgment dissolving the temporary restraining order entered herein, and dismissing the action, plaintiff appealed to the Supreme Court.
At the date of the docketing of the judgment on which execution has been issued to the sheriff of Forsyth County, to wit: 5 December, 1927, the judgment debtor was not the owner of the land and other property which has been advertised for sale by the said sheriff, under said execution. The judgment debtor, a corporation, had theretofore conveyed its legal title to said property by a deed of trust to secure creditors, which had been duly recorded prior to the rendition of said judgment; its equitable title had been foreclosed, and the said land and other property had been conveyed by the trustee to the plaintiff, by deed recorded on 12 November, 1927. The judgment is, therefore, not a lien on the said land by virtue of C. S., 614.
A docketed judgment for the recovery of a sum of money is a lien on land, situate in the county in which the judgment was docketed, and owned by the judgment debtor at the date on which the judgment was docketed, or on such land as has been acquired by the judgment debtor at any time within ten years from the date of the rendition of the judgment. It is not a lien on land which has been conveyed by the judgment debtor by deed duly registered prior to the docketing of the judgment; nor is it a lien on land conveyed by the judgment debtor by mortgage or deed of trust, prior to the docketing of said judgment, where the mortgage or deed of trust has been foreclosed, under a power of sale contained therein, and the land conveyed to the purchaser at the foreclosure sale prior to the docketing of the judgment. In the instant case, the judgment on which the execution was issued was not a lien on the land which the sheriff has advertised for sale, by virtue of C. S., 614. Neither the said land nor the other property, now owned by the plaintiff, and acquired by him by deed duly recorded prior to the docketing of the judgment is subject to sale by the sheriff *Page 607 
under execution on said judgment, unless the same is subject to such sale, by reason of the provisions of C. S., 1140, which is as follows:
"Mortgages of corporations upon their property or earnings cannot exempt said property or earnings from execution for the satisfaction of any judgment obtained in courts of the State against such corporation for labor and clerical services performed, or torts committed whereby any person is killed, or any person or property injured."
A claim against a corporation, not reduced to judgment, whether for labor and clerical services performed in behalf of, or for damages arising from a tort committed by the corporation, is not a lien on its property by virtue of the foregoing statute. It was so held by this Court in Clement v.King, 152 N.C. 456, 67 S.E. 1023. In the opinion for the Court in that case, Manning, J., cites with approval Coal Co., v. Electric Light Co.,118 N.C. 232, 24 S.E. 22, where it is said that the statute creates no lien, but undertakes to afford the creditor protection by disabling a corporation from conveying its property by mortgage freed from liability upon a judgment obtained against such corporation on a claim included within the provisions of the statute. This protection is afforded only when judgment has been obtained on the claim in a court of this State. When this has been done, the property of the corporation, although theretofore conveyed by the corporation by mortgage or deed of trust to secure creditors, is not exempt from sale under execution on the judgment. The effect of the statute is to make a mortgage or deed of trust to secure creditors, executed by a corporation, void as to judgments recovered upon claims for labor and clerical services performed in behalf of, or for damages, arising from a tort committed by the corporation. As to such judgment creditors, the mortgage or deed of trust is nonexistent. It has therefore been held by this Court that where the judgment was obtained after the foreclosure of the mortgage or deed of trust, and after the registration of the deed by which the mortgagee or trustee conveyed the property of the corporation to the purchaser, such property is subject to sale under execution issued on the judgment. Williams v. R. R.,126 N.C. 918, 36 S.E. 189; R. R. v. Burnett, 123 N.C. 210, 81 S.E. 602;Belvin v. Paper Co., 123 N.C. 183, 31 S.E. 655.
The first question presented for decision by this appeal is whether the judgment in favor of H. F. Vass and against the Alderman Manufacturing Company, recovered in the County Court of Forsyth County, after the execution and registration of the deed, under which plaintiff claims, was conclusive upon the plaintiff in this action, as to the amount of defendant's claim against said corporation, and also as to the cause of action upon which the judgment was rendered. The trial court ruled that the judgment was conclusive not only upon the Alderman Manufacturing *Page 608 
Company, but also upon the plaintiff, who was not a party to the action in which the judgment was rendered. In this there was error. The principle that a judgment is conclusive both as to parties and as to their privies has no application upon the facts of this case. The judgment of the county court did not affect or purport to affect, the property advertised for sale by the sheriff, which was formerly owned by the Alderman Manufacturing Company, and which is now owned by the plaintiff. It was a judgment for the recovery of money. There was neither allegation in the complaint nor adjudication in the judgment that said judgment was or should be a lien on specific property, or that any specific property should be subject to execution for the satisfaction of said judgment. Although by virtue of C. S., 1140, the property of the Alderman Manufacturing Company did not become exempt from execution on the judgment, if for labor and clerical services, by reason of the conveyance of said property by the trustee to the plaintiff, as the purchaser at the foreclosure sale, the judgment may be attacked by plaintiff, in this action, both as to the cause of action upon which said judgment was recovered. Plaintiff is entitled to be heard before his property can be sold for the satisfaction of the judgment, even if under C. S., 1140, it is subject to such sale, upon his allegation that the services, within the meaning of the statute.
The second question presented for decision by this appeal is whether under C. S., 1140, a mortgage or deed of trust by a corporation exempts its property conveyed thereby from execution for the satisfaction of a judgment against the corporation for labor and clerical services performed by an officer of the corporation.
It is alleged in the complaint that defendant, H. F. Vass, was an officer of the Alderman Manufacturing Company, and that the services for which the judgment was recovered by him in the county court, were performed as such officer; this allegation is denied in the answer. Defendant alleges that he was an employee of said corporation, and performed clerical services as such employee. The trial court was of opinion that it was immaterial whether the judgment creditor was an officer or an employee of the corporation, and therefore, upon motion of defendant, struck said allegation from the complaint and declined to submit an issue to the jury, raised by this allegation and denial. In this there was error.
The statute manifestly, we think, applies only to judgments recovered against a corporation by an employee for labor and clerical services; it does not apply where the judgment was for salary due to or *Page 609 
compensation earned by an officer of the corporation. The purpose of the statute is to protect employees, and not officers, who have recovered judgment against the corporation for labor and clerical services performed. An employee of a corporation has no power or authority to manage or control the corporation, nor has he ordinarily any knowledge of the financial condition of the corporation. He is merely a creditor to the extent of the amount due him for labor and clerical services. An officer, however, has both power and authority, certainly within the scope of his official duties, to manage and control the business of the corporation. The corporation conducts its business through its officers, who necessarily have full knowledge of its financial condition. They manifestly do not need the protection which the statute undertakes to afford to employees. The statute cannot be construed as affecting judgments recovered by officers of a corporation, even if such officers perform labor and clerical services for the corporation, for which judgments have been recovered.
If the jury shall find that defendant, H. F. Vass, was an officer of the Alderman Manufacturing Company, to wit, its secretary, the plaintiff will be entitled to judgment in this action, enjoining the sale of the land and other property which has been advertised by the sheriff, for sale, under the execution now in his hands, even if said defendant, as such officer, performed labor and clerical services for said corporation. If, however, said defendant was an employee of said corporation, and as such employee performed labor and clerical services, for which he has recovered judgment against the corporation, the property now owned by plaintiff, but owned by said corporation at the time such labor and services were performed, is not exempt from execution on said judgment, and the sale should not be enjoined by judgment in this action.
The issue submitted to the jury at the trial of this action in the Superior Court, and answered in the affirmative, is not determinative of the controversy between the parties to this action. The notice of defendant's claim at the sale of the property by the trustee did not affect the title which the plaintiff acquired to said property as purchaser at said sale, upon its confirmation. The property is subject to sale under execution on the judgment, upon the admitted facts in this case, if defendant, H. F. Vass, performed labor and clerical services for the Alderman Manufacturing Company, as its employee. It is not subject to such sale, if he performed labor and services for said corporation, as an officer. This is the determinative question in this action.
Plaintiff is entitled to a new trial. It is so ordered.
New trial. *Page 610