### STATE v. NEWLAND LeFEVERS.

(Filed 8 April, 1942.)

**Homicide § 22—**

Where a defendant in a homicide prosecution offers evidence tending to show that he killed deceased in self-defense, evidence of the general reputation of deceased for violence is competent, but defendant is not entitled to show specific acts of violence of deceased unconnected with the homicide, and in cross-examination of a State's witness, the State's objection to an interrogation as to whether the witness did not know the deceased had "the general reputation of having held up and robbed a man with firearms" is properly sustained.

APPEAL by defendant from *Clement, J.,* at December Term, 1941, of BURKE. No error.

The defendant was charged with the murder of one Edwin Pitts. The jury returned verdict of guilty of manslaughter. From judgment imposing sentence, the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*C. E. Cowan and Mull & Patton for defendant.*

DEVIN, J.　Edwin Pitts was fatally stabbed by the defendant, following a brief altercation, on the floor of a dance hall at the Valdese swimming pool.　The deceased was at the time unarmed.　The defendant pleaded self-defense.

In line with this defense the defendant offered evidence tending to show that the deceased had the general reputation of being a violent and dangerous fighting man, and the State offered evidence in rebuttal.　In the course of the cross-examination of a State's witness on this point the defendant asked the witness if he did not know that the deceased had the general reputation of having held up and robbed a man with firearms. Objection to this question by the State was sustained and the defendant excepted.　The witness, if permitted to answer, would have replied, "Yes, in New York at one time he did that, I understand."　The same question was asked of two other witnesses, with like result.

We find no error in the ruling of the court.　*Edwards v. Price,* 162 N. C., 243, 78 S. E., 145.　The proffered testimony related to a single instance of lawlessness on the part of the deceased, and its competency may not be held supported by the rule enunciated in *S. v. Turpin,* 77 N. C., 473.　Where there is evidence tending to show that the defendant acted in self-defense, evidence of the general reputation of the deceased for violence may be admitted, but this rule does not render admissible evidence of specific acts of violence which have no connection with the homicide.　*S. v. Hodgin,* 210 N. C., 371, 186 S. E., 495; *S. v. Melton,* 166 N. C., 442, 81 S. E., 602; *Smith v. State,* 197 Ala., 193; 121 A. L. R., 382; 26 Am. Jur., 394.　"The rule allows a cross-examination as to reputation of a particular trait but not of particular acts."　*S. v. Cathey,* 170 N. C., 794, 87 S. E., 532.

The only other assignment of error relates to the admission of the testimony of a witness that shortly before the homicide defendant was under the influence of liquor.　Objection on this score cannot be sustained.

In the trial we find

No error.