STATE v. VERNON LeGRAND MORGAN.

(Filed 12 December, 1956.)

**1. Homicide § 22—**

Where defendant contends he acted in self-defense, evidence of the general reputation of deceased for violence is competent, but this rule does not render admissible evidence of specific acts of violence which have no connection with the homicide, and therefore, the court in such case properly excluded proof of a conviction of the deceased in the recorder's court on an unrelated charge of assault with a deadly weapon.

**2. Homicide § 27f—**

The court's charge to the jury on defendant's plea of self-defense *held* without error.

**3. Criminal Law § 53f—**

Defendant's objection that the court failed to stress his contentions equally with those of the State, *held* not supported by the record.

JOHNSON, J., not sitting.

APPEAL by defendant from *Williams, J.,* July Term, 1956, of MONT-GOMERY.

The defendant was indicted for the murder of Roy Cagle. The Solicitor announced he would not ask for a verdict of murder in the first degree but for a verdict of murder in the second degree or manslaughter as the evidence might warrant.

The evidence offered by the State tended to show that on Sunday. afternoon, 8 January, 1956, the deceased, Roy Cagle, accompanied by the State's witness Melvin Davis, drove his automobile into Clegg's Garage in Star, N. C., and stopped 10 or 15 feet from a parked automobile in which the defendant Vernon Morgan and his brother Arthur Morgan and Marvin Hancock were sitting. Shortly afterwards, the defendant got out of his automobile with a double barrel shotgun in his hand, approached the right side of the Cagle automobile and motioned the occupants to roll down the window, which was done. Defendant then charged Roy Cagle with having followed him and blocked the road on him, and Cagle, according to the testimony of Melvin Davis, reached over and opened the right front door of his automobile (the left front door could not be opened from the inside), and immediately the defendant shot Cagle. Davis sprang out and begged him not to shoot him again, but the defendant stepped back and again shot Cagle, who had then fallen on the front seat. The gun had been loaded with buckshot, and the first discharge struck the deceased's right breast and the second struck his neck, ranging downward. The deceased died almost instantly. It was testified by the examining physician that his death was due to these gunshot wounds. Melvin Davis testified that neither he nor Roy Cagle had any weapon of any kind; that Arthur Morgan, brother of defendant, stood by at the time of the shooting with a pistol in his hand.

The defendant Morgan admitted he fired the fatal shots, but claimed this was done in self-defense. He testified that some time before he had reported to the officers a whiskey still which he discovered while hunting, and that afterwards an automobile which he identified as Roy Cagle's followed him on two occasions, blocked the road on him, and had stopped in front of his driveway; that he had been told of threats against him by Cagle, and he carried a gun in his automobile for protection; that when Cagle drove up and stopped near him on this occasion, he got out with his gun unbreached and motioned to the occupants of the Cagle car to roll down the glass, and Davis, who was in the Cagle car, reached in the dash and pulled out a pistol and placed it on the seat between him and Cagle. Defendant testified he asked Cagle why he blocked the road on him; that Cagle said, "I will kill you," and "shoved the pistol directly across Melvin Davis' face and right into my face." Thereupon defendant said he fired twice. The second shot was only a moment after the first. He said he told his brother to take the pistol out of Cagle's hand, which he did, and ex-

hibited the pistol in evidence at the trial. The defendant also offered evidence tending to show that Roy Cagle was a violent and dangerous man and that he had been convicted several years before for assault with a deadly weapon. He offered certified copy of a Recorder's Court judgment showing Roy Cagle's plea of guilty of assault with deadly weapon. The State's objection to the copy of the judgment was sustained, and defendant excepted.

The State offered evidence in rebuttal that Roy Cagle did not have reputation for violence; that he was a married man engaged in trucking between Lumberton and Star; that he did own a pistol, but this was at his home, and that the one exhibited by the defendant was not his.

The jury returned verdict of guilty of murder in the second degree, and from judgment imposing sentence defendant appealed.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*H. F. Seawell, Jr., and Charles H. Dorsett for defendant, appellant.*

DEVIN, J. The defendant admitted that he shot and killed the deceased, but claimed that this was done in self-defense. The jury rejected his plea and found him guilty of murder in the second degree. The evidence supports the verdict and judgment.

The defendant has brought his case here for review, assigning errors in the trial which he asserts influenced the adverse verdict.

Error is assigned in the ruling of the court in sustaining objection to the introduction of a copy of a Recorder's Court judgment showing the conviction of Roy Cagle, the deceased, in 1952 on the charge of assault with a deadly weapon. Having offered, on his plea of self-defense, evidence that the deceased bore the general reputation of being a violent and dangerous man to his knowledge, the defendant contends he was entitled also to show instances of violence on the part of the deceased in support of his contention that he acted under the reasonable apprehension of death or great bodily harm.

The competency of evidence of the general reputation of the deceased for violence, known to the defendant, when offered in support of his plea that he acted in self-defense, has long been recognized by this Court. *S. v. Turpin,* 77 N.C. 473; *S. v. Blackwell,* 162 N.C. 672, 78 S.E. 316; *S. v. Hodgin,* 210 N.C. 371, 186 S.E. 493; *S. v. Rawley,* 237 N.C. 233, 74 S.E. 2d 620. But the competency of testimony relating to a single instance of lawlessness on the part of the deceased may not be held supported by the rule enunciated in those cases. *S. v. LeFevers,* 221 N.C. 184, 19 S.E. 2d 488.

In the *LeFevers case, supra,* we said: "Where there is evidence tending to show that the defendant acted in self-defense, evidence of the

general reputation of the deceased for violence may be admitted, but this rule does not render admissible evidence of specific acts of violence which have no connection with the homicide. *S. v. Hodgin,* 210 N.C. 371, 186 S.E. 493; *S. v. Melton,* 166 N.C. 442, 81 S.E. 602; *Smith v. State,* 197 Ala. 193." See also *Gunter v. State,* 63 Ga. App. 65, 10 S.E. 2d 264.

There was no error in sustaining objection to the proffered testimony.

The defendant also assigns error in the rulings of the trial judge with respect to the admission of testimony in several other instances to which he noted exceptions, but upon examination we find no error in the rulings complained of.

The defendant assigns error in the court's charge to the jury in the respects to which he noted exception. His 16th, 17th and 18th exceptions are directed to the following language of the court:

"Now in this case the defendant has seen fit to set up as a defense a plea of self-defense as a justification for taking the life of the deceased." (Exception No. 16.)

"The burden of satisfying you as to that defense is upon the defendant to show, not beyond a reasonable doubt or by the greater weight of the evidence, but to show it to your satisfaction, therefore, it becomes necessary for you to know under what circumstances and with what qualifications the law justifies the taking of a human life under that theory." (Exception No. 17.)

"Now insofar as possible for the law to make that plea definite it has done so through the decisions of the Supreme Court of this State." (Exception No. 18.)

These exceptions are without merit. We also note from the record that immediately following the quoted sentences the court in appropriate language set out the pertinent principles of the law of self-defense as approved by the decisions of this Court.

The defendant in his brief raises the point that the court in the charge to the jury failed to give equal stress to the contentions of the defendant as to those of the State, but the record does not support this criticism. *S. v. Buffkin,* 209 N.C. 117, 183 S.E. 543. Nor is the charge open to the objection that the court failed to comply with G.S. 1-180.

The defendant in his brief asks for a new trial for the additional reason that the trial judge did not speak in a voice loud enough to be heard and understood by the jury, but there is nothing in the record to support this suggestion. On the contrary, it is stated in the record: "The charge was given the jury in a clear and audible voice and no indication was made at any time it was not heard and understood by the jury."

After a careful examination of the entire record, and considering each of the assignments of error brought forward in defendant's appeal, we reach the conclusion that in the trial there was no error.

No error.

JOHNSON, J., not sitting.