## STATE OF NORTH CAROLINA v. JEWEL DAVIS.

### (Filed 20 March 1963.)

**1. Homicide § 18—**

Defendant is not entitled to introduce evidence that deceased at different times assaulted specifically named persons in order to establish the dangerous and violent character of deceased as relating to the issue of self-defense.

**2. Criminal Law § 161—**

The charge of the court will be construed contextually as a whole.

APPEAL by defendant from *Farthing, J.,* October 1962 Term of JACK-SON.

Defendant was charged in a bill of indictment with the murder of Lester Green. The jury returned a verdict of manslaughter.

The facts to support the verdict and necessary to understand the challenge to the conviction are, briefly stated, these: Defendant went to the store of one Ferguson about 5:55 p.m. on 23 June 1962. He purchased a bag of flour, which he put on his left shoulder. Green came in the store about two or three minutes later than defendant. Green came up to defendant and said: "Jewel, I hear you are carrying a gun for me." Deceased put his right hand on defendant's left arm. Defendant said: "Get this man away from me." He made a move with his right hand in the direction of his right hip. Deceased grasped defendant and encircled defendant's arms. In the ensuing struggle defendant succeeded in getting his pistol. He shot deceased three times. One shot was in the chest, one in the back, and one in the hip. The last two shots were fired when the bodies were some five or six feet apart.

Defendant admitted he shot deceased, a man he knew to bear the reputation of being dangerous and violent. He claimed self-defense, justifying him in shooting and killing deceased.

*Attorney General Bruton and Assistant Attorney General Barham for the State.*

*W. R. Francis, M. Buchanan III, and T. D. Bryson, Jr., for defendant appellant.*

PER CURIAM. Defendant offered evidence of deceased's reputation for violence. Additionally he sought to elicit by cross-examination of the State's witnesses the fact that deceased had committed specific violent assaults on persons other than defendant. The evidence was, on objection by the State, excluded. Defendant assigns as error the

court's refusal to permit him to show that deceased had at different times assaulted specifically named persons. The ruling was correct. It is in accord with prior decisions of this Court. *S. v. Morgan,* 245 N.C. 215, 95 S.E. 2d 507, and cases there cited.

Defendant assigns as error a portion of the court's charge, contending the court unduly limited his right of self-defense. When the charge is read as a whole, as it must be, we are of the opinion and hold that the law given the jury for its guidance in determining the merits of defendant's claim of self-defense was as declared in *S. v. Marshall,* 208 N.C. 127, 179 S.E. 427, quoted with approval in *S. v. Fowler,* 250 N. C. 595, 108 S.E. 2d 892.

Our review of the record fails to disclose error of which defendant can justly complain.

No error.